# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| ERIC STEPHON McCLENDON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV613-113 |
| | ) | CR612-001 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

Eric Stephon McClendon pled guilty to, and thus was convicted of, drug conspiracy charges. CR612-001, doc. 443 at 1.[1] He was sentenced to 235 months "as a career offender pursuant to USSG §4B 1.1." *Id.* at 2. As part of a plea deal under which the government agreed to drop some charges, doc. 441 at 4, McClendon "waive[d] his right to appeal any sentence within the Federal Sentencing Guidelines range. . . ." *Id.* at 2; *see also id.* at 8 (he agreed that, after the entry of the [his] guilty plea, the defendant has no absolute right to withdraw the plea. Thus, the

---

[1] All record citations are to the docket sheet for this criminal case. All pinpoint citations are to the page number assigned by the Court's electronic filing system to the upper right hand corner of each page.

Court is free to impose any sentence authorized by law up to the statutory maximum sentence of 40 years imprisonment, a $5,000,000 fine, and four years of supervised release.").

In a separate plea agreement provision he expressly agreed that:

> [t]o the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence *and* the right to collaterally attack the sentence in any post-conviction proceeding, including a §2255 proceeding, *on any ground*, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Doc. 441 at 9-10 (emphasis added). When all of this was explained to him during a plea-acceptance hearing, McClendon swore that he understood these terms. Doc. 447 at 8, 34-52. The Court thus accepted his plea (doc. 447 at 61) and sentenced him within the statutory maximum. Doc. 443. Consistent with his double-waiver, McClendon took no appeal, yet now moves for 28 U.S.C. § 2255 motion relief. Doc. 484.[2] He insists, *inter*

---

[2] All record citations are to the docket sheet for this criminal case. All pinpoint citations are to the page number the Court's electronic filing system assigns in the upper right hand corner of each page.

2

*alia*, that his "pre-trial advice was constitutionally deficient." *Id.* at 7. Upon preliminary review under the Rule 4(b) of the Rules Governing Proceedings under 28 U.S.C. § 2255, his motion should be denied.

## I. ANALYSIS

Waivers similar to McClendon's have been upheld on appeal. *See, e.g., United States v. Orozco-Picazo*, 391 F. App'x 761, 769 (11th Cir. 2010) (defendant's appeal waiver in pleading guilty to conspiracy to distribute cocaine and possession of firearm in furtherance of drug trafficking crime precluded appellate review of his claim that district court erred in imposing consecutive sentences; district court questioned defendant concerning appeal waiver during plea colloquy, and it did not impose a sentence that was higher than that called for by advisory guidelines); *Angarita v. United States*, 2010 WL 2872737 at * 2 (S.D. Fla. Jul. 20, 2010) (upholding substantively similar waiver). To that end,

> [a]n appeal waiver or collateral-attack waiver is valid if a defendant enters into it knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350–55 (11th Cir. 1993). In this circuit, such waivers have been enforced consistently according to their terms. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases). To enforce such a waiver, the government must demonstrate either that (1) the district court specifically questioned the defendant about the waiver during the

change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver.

*Warren v. United States*, 2011 WL 5593183 at * 5 (M.D. Ala. Oct. 26, 2011).

McClendon's § 2255 motion doesn't even *acknowledge* this double-waiver. And his sentence did not exceed the statutory maximum. Nor is it "higher than the advisory sentencing guideline range as found by the sentencing court." Doc. 441 at 10. Construed liberally, McClendon may be said to be invoking the "involuntariness" ground for invalidating his guilty plea, and thus evade the waiver: "Petitioner's execution of the underlying plea agreement and guilty plea was involuntarily, unknowingly, and unintelligently entered on the basis of affirmative misadvice of counsel." Doc. 484 at 2. He alleges that his attorney failed to investigate his prior convictions, which he insists are invalid (thus nixing his career offender status), and, that if counsel had brought this information to light he would not have pled guilty. *Id.* at 3-4.

There is some non-binding Eleventh Circuit precedent that can be read to enable an involuntariness-based challenge to the double-waiver by way of an ineffective assistance claim:

> Petitioner's appeal waiver generally precludes him from advancing an ineffective assistance of counsel claim in this Section 2255 motion. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). However, to the extent that both grounds can be said to bear upon the validity of Petitioner's plea, the sentence appeal waiver in Petitioner's plea agreement does not bar federal review and the court considers the merits of both grounds. *See Patel v. United States*, 252 Fed. App'x 970, 974–75 (11th Cir. 2007) (holding ineffective assistance of counsel claim related to the validity of defendant's guilty plea is not barred by a waiver of collateral relief).

*Johnson v. United States*, 2013 WL 6799204 at * 4 (M.D. Fla. Dec. 23, 2013); *see also Hurlow v. United States*, 726 F.3d 958, 965 (7th Cir. 2013) (a direct or collateral review waiver does not bar a challenge regarding the validity of a plea agreement (and necessarily the waiver it contains) on grounds of ineffective assistance of counsel; a defendant need not have alleged that his counsel was ineffective in the negotiation of the waiver provision of his plea agreement specifically; *id.* ("an attorney's ineffectiveness with regard to the plea agreement as a whole, and not just the specific waiver provision at issue, renders the waiver unenforceable.").[3]

---

[3] Upon determination that the defendant understood what he was waiving, district courts have upheld collateral appeal waivers. *See, e.g., Unites States v. Crum*, 2012 WL 5966635 at *3 (S.D. Ala. Nov. 28, 2012); *Hamilton v. United States*, 2012 WL 5931677 at *2–3 (S.D. Ga. Nov. 26, 2012).

Thus, these courts reason, an appellate waiver will bar the movant's ineffective assistance claim "to the extent it addresses matters other than the assistance he received in connection with the plea agreement, [but] the claim is not barred to the extent it does address that issue." *Smith v. United States*, 2013 WL 6632637 at * 1 (N.D. Ill. Dec. 16, 2013).[4] Hence, if the record reveals that the movant did *not* receive ineffective assistance of counsel in the very process of entering into his guilty plea, then there is no need for a hearing and the Court can rule on that claim on the merits. *Patel*, 252 F. App'x at 975; *Johnson*, 2013 WL 6799204 at * 4-8.

Even under that line of cases, then, McClendon's IAC claim falls short because, to the extent he even pleads an IAC claim, such ineffective assistance does not *directly* affect the validity of his waiver, much less his plea. *See Williams*, 396 F.3d at 1342 n. 2. In *Williams* the court ruled that Williams' ineffective IAC claims concerning his counsel's representation at sentencing were not exempted from the collateral

---

[4] "'In order to make out a claim for ineffective assistance of counsel in the context of a guilty plea, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial.' *Bethel v. United States*, 458 F.3d 711, 716 (7th Cir. 2006)." *Smith*, 2013 WL 6632637 at * 1.

attack waiver in his plea agreement, since they "[did] not concern representation relating to the validity of the plea or waiver. . . ." *Id.* For example, McClendon does not allege that his lawyer misled him as to any of the plea's terms, or misadvised him during the plea process itself. *See, e.g., Patel*, 252 F. App'x at 975 (held, the movant's allegation that his plea was involuntary because his attorney and family members coerced him into pleading guilty could be entertained in a section 2255 motion despite a collateral attack waiver in his plea agreement); *Ortiz v. United States*, 2013 WL 5503005 at * 4 (S.D. Ga. Oct. 2, 2013) ("Like the movant in Patel, Ortiz's assertion of ineffective assistance is 'a last-minute attempt to escape the preclusive effect of [his] appeal waiver.'").

Instead, McClendon cites only *non-plea* related ineffectiveness to support his involuntariness claim. That is, he claims that his lawyer told him to plead guilty because he lacked any real defense. He now claims that in fact he had a sentencing defense, so this renders his plea "involuntary." Doc. 484 at 3-9 (reasoning that he in fact did not qualify for career offender status, that had counsel performed effectively, this would have been revealed to him and he would not have pled guilty); *id.* at 10-15 (counsel should have unearthed prior invalid conviction and

advised movant about that). That form of ineffective assistance is not direct enough to render the plea involuntary. Counsel did not, for example, deceive or threaten him. *See Williams*, 396 F.3d at 1342.[5] And

---

[5] Erroneously assuming that prior state convictions are valid is analytically indistinguishable from "an erroneous sentence estimate by counsel[, which] does *not* render a plea involuntary. *United States v. Himick*, 139 F. App'x 227, 228–29 (11th Cir. 2005) (emphasis added); *United States v. Orr*, 165 F. App'x 623, 624–25 (10th Cir. 2006); *United States v. Tealer*, No. 01-51262, 2002 WL 31415154 at *1 (5th Cir. Oct. 9, 2002); *United States ex rel. LaFay v. Fritz*, 455 F.2d 297, 302 (2d Cir.1972)." *Solorio-Reyez v. United States*, 2011 WL 3684843 at * 3 (N.D. Ga. Jul. 14, 2011); *see United States v. Munguia–Ramirez* , 267 F. App'x 894, 898 (11th Cir. 2008) (no error in finding that the movant knowingly and voluntarily entered into guilty plea due to counsel's incorrect estimation of his ultimate sentence, where record indicated that he understood that he could not withdraw his plea even if he received a more severe sentence than he thought); *United States v. Kerns*, 53 F. App'x 863, 866 (10th Cir. 2002) (finding claim that because attorney assured the movant that his sentence would be less than what he ultimately received cannot constitute a challenge to the voluntariness of his plea, as he stated during the plea colloquy that no one had made any promises inducing him to enter a guilty plea).

Here the district judge confirmed with McClendon, while taking his plea, that counsel at most will have estimated what his sentence would be, and that "I hope it won't be this way, but sometimes a sentence is more severe than the lawyer predicted, and you would still be bound by your plea agreement." Doc. 477 at 43. The judge also explained that McClendon's criminal history and other factors would be figured into his sentence:

> So your lawyer is trying to look at all of those. And when they give you any estimate, it's based upon what he thinks that the Court is going to approve as a Presentence Report when all of the investigation is redone. The government may object to it. You may object to it. And if you can't reconcile those issues with the probation officers, then the Court will have to make a decision on those.

*Id.* at 42. McClendon indicated that he understood that. *Id.*; *see also Cole v. United States*, 2011 WL 4899988 at * 4 (N.D. Ind. Oct. 14, 2011) (rejecting double-waiver § 2255 movant's "contention that he was wrongly sentenced as a career offender, or that he would not have pleaded guilty if he had known that he was going to be designated a career offender . . . . [He] was specifically informed at his plea hearing

alleged attorney errors on sentencing matters (the career offender contention) will not suffice. *Patel*, 252 F. App'x at 974 ("We have held that a valid appeal waiver precludes § 2255 claims based on ineffective assistance of counsel at sentencing.") (quoted in *Solorio-Reyez v. United States*, 2011 WL 3684843 at * 6 (N.D. Ga. July 14, 2011)).

By agreeing to waive his right to pursue such defenses, McClendon entered into a bargain that the government has not breached. He cannot now express "buyer's remorse" by taking the deal, then later investigating what he gave up and complaining that he held a better hand in the then unseen cards. That risk (of losing something helpful to his defense) was part of his bargain. That merchandise cannot be returned. *United States v. Whitney*, 468 F. App'x 637, 638 (7th Cir. 2012) (upholding "on any ground" appellate waiver); *United States v. Johnson*, 480 F. App'x 229, 231 (4th Cir. 2012) (upholding waiver of right to appeal "the conviction and any sentence within the statutory maximum" on "any ground whatsoever."); *McCullough v. United States*, 2012 WL 3113990 at *3 (S.D. Ga. July 31, 2012) ("Allowing a movant to attack his sentence after executing a knowing and voluntary appeal and collateral-

---

that his ultimate sentence could not be calculated until the Court received his presentence investigation report from the U.S. Probation Department.").

appeal waiver would permit a defendant to circumvent the terms of the ... waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless.") (quotes and cite omitted); *Jacobs v. United States*, 2011 WL 5926191 at * 8 (S.D. Ga. Oct. 28, 2011); *Gweh v. United States*, 2013 WL 140635 at * 3 (S.D. Ga. Jan. 9, 2013); *cf.*, *Crawford v. United States*, 501 F. App'x 943, 945 (11th Cir. 2012) ("Crawford's postconviction challenge to his sentence is barred by the appeal waiver in his plea agreement. Crawford acknowledged during his change of plea hearing that the waiver would bar him from challenging the miscalculation of his advisory guideline range.").[6]

## II. CONCLUSION

Eric Stephon McClendon's 28 U.S.C. § 2255 motion (doc. 484) should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2

---

[6] Some courts also apply a "miscarriage of justice" exception. *United States v. Ruiz-Gonzalez*, 427 F. App'x 22, 25 (1st Cir. 2011) ("However, even if the waiver is knowing and voluntary, we retain discretion not to enforce the waiver if it would result in a 'miscarriage of justice.") (quotes and cite omitted); 9 FED. PROC., L. ED. § 22:969 (Dec. 2013) ("An illegal sentence may constitute a miscarriage of justice, so as to support not enforcing the defendant's waiver in a plea agreement of the right to appeal."); ANN., *Validity and effect of criminal defendant's express waiver of right to appeal as part of negotiated plea agreement*, 89 ALR 3D 864 § 3.4 (collecting cases). McClendon does not raise this exception.

(S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this <u> 27th </u> day of January, 2014.

/s/ *signature*

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA